**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MANUEL DEJESUS ESPINO-FRAIRE** | **CIVIL ACTION NO. 25-2061** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **STEVEN DEBELLEVUE, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Manuel DeJesus Espino-Fraire, who was previously in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement, petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  For reasons below, the Court should dismiss his petition as moot.

## Background

For relief, Petitioner sought an "individualized bond hearing" and attorneys' fees under the Equal Access to Justice Act ("EAJA").  [doc. # 1, pp. 13-14].

Respondents state that on January 5, 2026, an immigration judge granted Petitioner bond, and on January 12, 2026, Petitioner posted bond and was released from ICE custody.  [doc. # 5, p. 1].  Petitioner did not reply to Respondents' response.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

**<u>Law and Analysis</u>**

**I. Mootness**

A petitioner "must separately satisfy the case-or-controversy requirement of Article III, Section 2 of the Constitution." *Herndon v. Upton*, 2021 WL 116535, at *2 (5th Cir. Jan. 13, 2021) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).  Jurisdiction is constrained to adjudicating "actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  "In order to maintain jurisdiction, the court must have before it an actual case or controversy at all stages of the judicial proceedings." *U.S. v. Vega*, 960 F.3d 669, 672 (5th Cir. 2020).  "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks and citation omitted).

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969).  A claim is moot when a petitioner achieves the precise relief she requested.  *See New York State Rifle & Pistol Ass'n, Inc. v. City of New York, New York*, 140 S. Ct. 1525, 1526 (2020).  Courts are "obliged to raise the subject of mootness sua sponte." *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

Here, Petitioner sought bond and release.  According to Respondents, Petitioner subsequently obtained bond and release.  Respondents do not provide definitive evidence.  However, Petitioner did not reply to Respondents' contentions and, moreover, the Government's presumptively reliable "Online Detainee Locator System" returned zero results following searches for Petitioner using his name and country of birth.[2]  As he achieved the precise relief he

---

[2] https://locator.ice.gov/odls/#/results (last visited March 4, 2026).

requested, his petition is moot.  *See Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) ("Because Bailey was released . . . this court can no longer provide him with that relief."); *Herndon*, 2021 WL 116535, at *2 ("Herndon's release mooted her § 2241 petition, notwithstanding her continued supervision, because there was no longer a live case or controversy for which any relief could be granted. Herndon had already received the sole relief sought in her petition: release from confinement."); *Nyabwa v. Dep't of Homeland Sec. Immigration & Customs Enf't Field Office Dir.*, 537 F. App'x 451 (5th Cir. 2013).

**II. EAJA Fees**

Petitioner requests attorneys' fees under the EAJA.  28 U.S.C. § 2412(d)(1)(A).  Because fees under the EAJA are not available in habeas corpus proceedings, the Court should deny Petitioner's request.  *Barco v. Witte*, 65 F.4th 782. (5th Cir. 2023).

**<u>Recommendation</u>**

For the reasons above, **IT IS RECOMMENDED** that Petitioner Manuel DeJesus Espino-Fraire's Petition be **DISMISSED WITHOUT PREJUDICE AS MOOT**.

**IT IS FURTHER RECOMMENDED** that Petitioner's request for attorneys' fees under the EAJA fees be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

3

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 5th day of March, 2026.


_____
Kayla Dye McClusky
United States Magistrate Judge

4